# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHARLES BRADEN | ) |
| Petitioner, | ) ) ) |
| v. | )  No. 3-21-cv-0818 |
| | ) (Crim. No. 3:15-cr-00088-5) |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

After pleading to two counts of being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3); two counts of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), Charles Braden was sentenced to a term of 270 months on December 20, 2019. Included within that sentence was a consecutive term of imprisonment on Count Thirty-Three for brandishing a firearm during the attempted robbery of an individual he thought to be a drug dealer.

Braden has filed a Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1) in which he contends that Count Thirty-Three must be vacated because it did not allege a "crime of violence," and his convictions on the remaining counts must be set aside due to the ineffective assistance of counsel. The Government has filed a Motion to Dismiss (Doc. No. 8), to which Petitioner has filed a Response (Doc. No. 11). The Court considers those arguments in turn.

## I. Section 924(c) and Attempted Hobbs Act Robbery

In his Motion, Braden uses United States v. Davis, 139 S. Ct. 2319, 2336 (2019) as the primary vehicle for his argument that attempted Hobbs Act robbery is not a crime of violence within the meaning of Section 924(c). There, the Supreme Court found the residual clause of Section 924(c)(3) to be unconstitutionally vague. As a consequence, in seeking an enhanced sentence for firearm possession or use, the Government can no longer rely on the residual clause which the statute defined as a felony involving "a substantial risk that physical force . . . may be used." 18 U.S.C. § 924(c)(3)(A). Instead, in order to secure the enhanced penalty, the Government must prove a felony under the elements clause, which means that the firearm was used in a crime that had "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(B). Even though "Davis established a 'new rule' because its 'result was not dictated by precedent existing at the time the defendant's conviction became final,'" it applies retroactively. In re Franklin, 950 F.3d 909, 911 (6th Cir. 2020) (citing Welch v. United States, 136 S. Ct. 1257, 1264–65 (2016)). Braden argues that if conspiracy to commit Hobbs Act robbery is not a crime of violence, neither is *attempted* Hobbs Act robbery.

This is not the first time the Court has traveled down this road. In Starks v. United States, 516 F. Supp.3d 762 (M.D. Tenn. 2021), defendant was charged with conspiracy and attempt to commit Hobbs Act robbery. The conspiracy portion was a straight shot given Davis, but arriving at the same destination on the attempt aspect presented a number of detours. The Sixth Circuit "ha[d] yet to address this question head on," United State v. Clancy, 979 F.3d 1135, 1140 (6th Cir. 2020), but a potential obstacle was that the majority of Circuit Courts of Appeal that had considered the question concluded that attempted Hobbs Act robbery under Section 924(c) *was* a crime of

2

violence. This included the Ninth Circuit in United States v. Dominguez, 954 F.3d 1251, 1255 (9th Cir. 2020); the Seventh Circuit in United States v. Ingram, 947 F.3d 1021, 1026 (7th Cir. 2020); and the Eleventh Circuit in United States v. St. Hubert, 909 F.3d 351 (11th Cir. 2018). Only the Fourth Circuit in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019) and a handful of district courts took an alternate route. Although it was not a well beaten path, this Court too, after extended analysis, concluded that attempted Hobbs Act robbery was *not* categorically a crime of violence. Starks, 516 F. Supp. 3d 771-76.

Such was the terrain when Braden filed his Motion to Vacate, Set Aside or Correct Sentence. Since then, however, a new vehicle was added to the fleet in the form of United States v. Taylor, 142 S. Ct. 2015 (2022). There, the Supreme Court stated that, "[w]hatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause." Id. at 2020. Because a crime of violence under Section 924(c) must either meet the "elements clause" or the "residual clause," because Davis held the residual clause unconstitutional, and because Taylor found that attempted Hobbs Act robbery does not meet the elements clause, it necessarily follows that attempted Hobbs Act robbery, as charged in Count Thirty-Three, is not a crime of violence under Section 924(c).

Taylor would signal the end of the trip but for the Government's placement of two possible roadblocks. First, the Government argues that Braden's Davis (and now Taylor) argument is waived under the language in his Rule 11(C)(1)(c) Plea Agreement. In pertinent part, the Plea Agreement provides:

> Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he

3

> exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence[.] Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

(Doc. No. 848 at 10-11).

The same argument (although more fully developed) was raised in Starks based upon identical language in the Plea Agreement entered into between Starks and the Government. The Court rejected the argument there for a number of reasons, not the least of which was that "[a]t the very minimum, the waiver provision is ambiguous." Starks v. United States, 516 F. Supp. 3d 762, 770 (M.D. Tenn. 2021). For that reason and the other reason set forth in Starks, the Court again concludes that the waiver provision in the Plea Agreement does not present a hazard to Braden's request for relief.

A second barrier to relief, according to the Government, is that Braden failed to raise the Section 924(c) "crime of violence" issue on appeal. In the Government's view, Braden procedurally defaulted because the "tools to construct," Engle v. Isaac, 456 U.S. 107, 130 n. 35 (1982), a Davis (now Taylor) challenge existed at the time of his conviction. Accepting this as true, however, "a compelling claim of actual innocence" is an exception to the procedural default rule. House v. Bell, 547 U.S. 518, 522 (2006).

"To establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks and citation omitted). "The

Sixth Circuit has derived its understanding of the definition of 'actual innocence' from Bousley." Wooten v. Cauley, 677 F.3d 303, 307 (6th Cir.2012), and one way to establish "actual innocence" under Bousley is to show "an intervening change in the law that establishes [the petitioner's] actual innocence." United States v. Peterman, 249 F.3d 458, 462 (6th Cir.2001).

A petitioner is "actually innocent" when convicted of "a non-existent crime." Santiago v. Streeval, 36 F.4th 700, 707 (7th Cir. 2022). As the Fifth Circuit has recognized, and "as Davis reaffirmed, a vague law is no law at all," meaning that if a defendant's conviction is based upon a crime of violence that is no longer a crime of violence after Davis, then he would be actually innocent of those charges[.]" United States v. Reece, 938 F.3d 630, 634 n.3 (5th Cir. 2019). The same is necessarily true post-Taylor for a Section 924(c) conviction based upon attempted Hobbs Act robbery. See United States v. Young, No. 20-6280, 2022 WL 3274167, at *12 (6th Cir. Aug. 11, 2022) (noting that, in light of Taylor, the government agreed remand to the district court was appropriate so that it could to vacate a Section 924(c) attempted robbery conviction); United States v. Todd, No. 18-4161, 2022 WL 3210717, at *1 (4th Cir. Aug. 9, 2022) (vacating Section 924(c) conviction for conspiring and attempting to commit Hobbs Act robbery in light of Davis and Taylor); Madison v. United States, No. 19-14132, 2022 WL 3042848, at *1 (11th Cir. Aug. 2, 2022) (same).

Accordingly, the Court will vacate Braden's conviction on Count Thirty-Three of the Third Superseding Indictment charging him a violation of 18 U.S.C. § 924(c) because he used, carried, and brandished a firearm during and in relation to an attempted Hobbs Act robbery.

5

## II. Ineffective Assistance of Counsel

Braden also asserts that his counsel was ineffective during the plea process and on appeal. Although Strickland v. Washington, 466 U.S. 668 (1984) provides the roadmap for ineffective assistance of counsel claims, the Court need not look to that case for directions because Braden is entitled to a new sentencing hearing.

The Sixth Circuit recognizes the "sentencing packaging doctrine," Pasquarille v. United States, 130 F.3d 1220, 1222 (6th Cir. 1997), even though this "is a bit of misnomer [because] it is not so much a doctrine as it is a common judicial practice grounded in a basic notion of how sentencing decisions are made in cases involving multiple counts of conviction." United States v. Fowler, 749 F.3d 1010, 1015 (11th Cir. 2014). Misnomer or not, the doctrine has been described as follows:

> The sentencing-package doctrine recognizes "a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan." Thus, "[w]hen a conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand." The district judge's goal in revisiting the overall sentencing plan after vacatur of a conviction is "to ensure that the punishment still fits both crime and criminal."

United States v. Grant, 9 F.4th 186, 199 (3d Cir. 2021) (internal citation omitted).

The sentencing package doctrine applies to both direct appeals and collateral attacks *via* Section 2255 proceedings. United States v. Proctor, 28 F.4th 538, 542 (4th Cir. 2022) (collecting cases); United States v. Hicks, 146 F.3d 1198, 1202 (10th Cir. 1998) (same). Indeed, "[e]very circuit that has considered this issue has held that the district court has the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255." Pasquarille, 130 F.3d

6

at 1222.

As stated at the of start of this journey, Braden was sentenced to a consecutive 7-year term of imprisonment for his attempted Hobbs Act robbery conviction on Count Thirty-Three. With that count vacated, however, it does not necessarily follow that his sentence will be reduced to 186-months, instead of the 270-months imposed. Rather, under the sentencing package doctrine, and to "insure that the punishment still fits the crime and the criminal," the Court will determine his sentence anew, after consideration of the 18 U.S.C. § 3353(a) factors and any objections he may have to the revised presentence report.

### III. Conclusion

On the basis of the foregoing, Braden's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) will be granted with respect to his claim that his conviction on Count Thirty-three should be vacated, but denied with respect to his ineffective assistance of counsel claims.

An appropriate Order shall enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE